# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED FOOD and COMMERCIAL
WORKERS UNION, LOCAL 1564,

      Plaintiff,

      v.                                                No. 10-CV-381 WPJ/WDS

SMITH'S FOOD & DRUG CENTERS, INC.,

      An Ohio Corporation,

      Defendant.

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANT'S MOTION TO DISMISS**

THIS MATTER comes before the Court upon Defendant's Motion to Dismiss, or in the Alternative, to Stay Litigation Pending Exhaustion of Contractual Grievance Procedures, filed June 4, 2010 (**Doc. 6**).  Having considered the parties' briefs and the applicable law, I find that Defendant's motion is well-taken and shall be granted.

**Background**

This case is brought under § 301 of the Labor-Management Relations Act of 1947, 29 USC § 185 ("LMRA").  The question is whether an issue on which the parties cannot agree should proceed directly to arbitration, or whether Plaintiff must first go through the contractual grievance procedure in order to determine whether arbitration applies under the collective bargaining agreement ("Agreement").  The disputed issue concerns whether a position newly identified by Defendant and known as the Night Service Manager is a bargaining unit position. Plaintiff's position is that the Night Service Manager is a bargaining unit position because the

work performed by the Night Service Managers was formerly performed by bargaining unit members employed in the position of Front End Managers.  Defendant disagrees.[1]

According to the Complaint, the parties have been unsuccessful in their "efforts" to reach agreement on the question of whether the Night Service Manager is a bargaining unit position.  Plaintiff asserts that Defendant has refused to arbitrate the dispute, and seeks to compel compliance with ¶ 1.4 of the Agreement (Count I).  Alternatively, the Complaint seeks declaratory relief and damages for breach of the Agreement (Count II).

## Discussion

Section 1.4 of the Agreement states:

> The Employer agrees that any classification which may be added which covers bargaining unit work currently being performed or being shared or which might be properly included in the bargaining unit will first be discussed with the Union and if an agreement cannot be reached, then the Arbitrator will rule on the last best offer of both parties.

Doc. 3-1 at 2.  The Agreement also has a "Grievance and Arbitration" section (¶ 15) which covers "any dispute or disagreement of any kind or character arising out of or in any way involving the interpretation or application of this Agreement. . . ."  Doc. 3-2 at 1.  Section 15 sets forth procedures which include, *inter alia*, formal and timely written notice of the grievance and representation by a Union Representative during negotiations.  Plaintiff asserts in the Complaint that Defendant should either be compelled to proceed to arbitration under ¶ 1.4, or declared in breach of the Agreement by ignoring the provisions of ¶ 1.4.  In the instant motion, Defendant

---

[1] The Complaint refers to a letter dated April 2, 2010, which allegedly represents Defendant's most recent refusal to submit the matter to arbitration under ¶ 1.4, but does not further describe the reasons for its refusal.  Compl., § 7.  Also, Defendant does not explain the basis for its position that "interest arbitration" under ¶ 1.4 of the Agreement does not apply to the facts in this case.

contends that Plaintiff is required first to exhaust the steps in ¶ 15 in order to determine whether ¶ 1.4 applies to the facts in this case, and seeks either to dismiss the complaint or in the alternative, stay the case pending Plaintiff's exhaustion of the grievance procedures.

**Legal Standard**

When a plaintiff's complaint fails to state a claim for which there is a plausible entitlement to relief, the Court must dismiss the complaint. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). While the well-pled factual allegations of a complaint must be accepted as true for purposes of a motion to dismiss, neither conclusory allegations nor legal conclusions disguised as factual allegations need be accepted as such. *See id.* at 1965; *see also Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims).

**II.     Exhaustion of Contractual Remedies**

The parties do not dispute that the Agreement at issue is subject to the Federal Arbitration Act ("FAA") because the agreement involves interstate commerce. *See* 9 U.S.C. § 2; (Compl. ¶ 4). Defendant acknowledges that there is a presumption in favor of the enforceability of arbitration agreements. *See Circuit City Stores, Inc. v. Adams*, 532 U.S. 105, 121-23 (2001). It also acknowledges that the process may ultimately end in arbitration. Doc. 6 at 6 n.1. The question is what steps must be taken to reach that destination.

As Defendant points out, there are two types of arbitration in labor law. "Grievance arbitration" involves the resolution of disputes over the interpretation or application of existing terms of a contract. "Interest arbitration" concerns disputes over new terms in the agreement, or

over what these terms should be in the future. *See Newspaper Guild of Salem, Local 105 v. Ottaway Newspapers, Inc.*, 79 F.3d 1273, 1280 n. 10 (1st Cir. 1996) (internal quotation marks & citation omitted). Defendant contends that both types of arbitration are present in this case. Plaintiff's Complaint asks the Court to enforce ¶ 1.4 of the Agreement. Thus, interest arbitration is involved because ¶ 1.4 provides that an arbitrator set future terms of the Agreement; specifically, whether the position of Night Service Manager should be considered a bargaining unit position. The interest arbitrator will do this by selecting the "last best offer of both parties." At the same time, the dispute calls for grievance arbitration because there is a dispute as to whether ¶ 1.4 applies at all to the parties' underlying disagreement.

Plaintiff argues that the question of whether the dispute is arbitrable under ¶ 1.4 is for the arbitrator. Defendant contends that Plaintiff should be ordered to go through the contractual grievance procedures set forth in ¶ 15 of the Agreement in order to determine whether ¶ 1.4 requires interest arbitration under these facts; in other words, whether ¶ 1.4 applies to the current disagreement between the parties. Further, Defendant argues that the Complaint seeks inappropriate relief, in that the Court may not properly engage in the type of interpretation of the parties' Agreement that would be required to order interest arbitration.

Defendant cites to a Second Circuit which the Court finds persuasive. In *N.Y. Typographical Union No. 6 v. Printers League Section of the Ass'n of the Graphic Arts*, the union and the company had entered into a collective bargaining agreement which provided for interest arbitration, at the option of the Union ("Option B"), if agreement on amendments to the agreement could not be reached, such as unresolved proposals for contract improvements. 919 F.2d 3, 4 n.2 (2nd Cir. 1990). When the union sought interest arbitration regarding contract improvements, the company refused. The collective bargaining agreement also contained a

general arbitration clause which provided that the "sole and exclusive remedy for any breach or alleged breaches of contract shall be the grievance procedures of the contract." This provision pertained to "[a]ll differences of opinion on any question. . . . arising under th[e] Contract" except for jurisdictional disputes.  The Second Circuit held that the express terms of the general arbitration provision covered disputes within the scope of interest under Option B because the parties' disputes could be characterized as disputes over "alleged breaches of contract" or "questions arising under th[e] Contract."  Thus, the disagreement between the parties concerning the applicability of Option B was not for the district court – or the interest arbitrators – to decide. *Id*.  The court remanded the case to allow the union to move to compel arbitration before the grievance arbitrator, and to allow the company to argue that the matter was not arbitrable based on procedural objections it may have.

That case is analogous to the instant case.  Like *N.Y. Typographical Union No. 6*, there is a specific provision providing for interest arbitration under ¶ 1.4, and a general arbitration provision under ¶ 15 which is similar in scope to the general arbitration provision in the Second Circuit case.  Defendant in this case takes the same position as did the defendants in *N.Y. Typographical Union No. 6*, which is that the matter must first be grieved through the general arbitration clause in order to determine whether ¶ 1.4 requires interest arbitration under these facts.  The Court agrees with the conclusion made by the Second Circuit in that the question of the applicability of ¶ 1.4 is not for this Court to decide.

Defendant seeks dismissal of Plaintiff's claim or, in the alternative, a stay on the proceedings pending Plaintiff's exhaustion of the general arbitration provisions.  Dismissal is appropriate here for two reasons.  First, according to Defendant, Plaintiff would be time-barred from engaging in the grievance process through the general arbitration provisions of the

5

Agreement. Doc. 6 at 7, n.2. Thus, there is no basis to stay the case if it is not coming back to federal court. Second, the language in the FAA requires that a court stay judicial proceedings instead of dismissing a case when one of the parties requests a stay. *Adair Bus Sales, Inc v. Blue Bird Corp.*, 25 F.3d at 955.[2] However, there is some authority that supports dismissal of a case involving arbitrable claims when all of the issues raised in the district court must be submitted to arbitration. *See, Seus v. John Nuveen & Co., Inc.*, 146 F.3d 175, 179 (3rd Cir. 1998)(overruled on other grounds, *Green Tree Financial Corp.- Alabama v. Randolph*, 531 U.S. 79 (2000))). (plaintiff entitled under the FAA to a stay of court proceeding pending arbitration on claim that plaintiff has agreed to arbitrate, but if all the claims involved in an action are arbitrable, a court may dismiss the action instead of staying it).

The assertions in Plaintiff's Complaint are centered around the alleged breach of the Agreement in that Defendant has not complied with the provisions of ¶ 1.4. Having made the determination that the Court is not to decide the applicability of ¶ 1.4 to the issue in dispute, there is no other claim left for the Court's review. *Cmp. Comanche Indian Tribe Of Oklahoma v. 49, L.L.C.*, 391 F.3d 1129, 1133 (10th Cir. 2004) (court entered stay, noting that ordering parties to arbitration did not dispose of the case entirely). Plaintiff's request for declaratory relief in Count II does not form the basis of a separate claim, since the Declaratory Judgment Act, 28 U.S.C. § 2201, is a procedural statute that does not confer jurisdiction on the Court. *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671-72 (1950); *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). Therefore, with the dismissal of Plaintiff's Count I for failure to exhaust

---

[2] Section 3 of the FAA provides that the court "*shall* on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement. . . ." 9 U.S.C. § 3 (emphasis added).

its contractual remedies, Plaintiff's request for declaratory relief in Count II must be dismissed as moot.

## Conclusion

In sum, I find and conclude that it is not for this Court to determine whether ¶ 1.4 requires interest arbitration under these facts; that Plaintiff has not exhausted the appropriate contractual remedies in order to obtain that determination; and that dismissal of Plaintiff's complaint is appropriate in this case.

**THEREFORE,**

**IT IS ORDERED** that Defendant's Motion to Dismiss, or in the Alternative, to Stay Litigation Pending Exhaustion of Contractual Grievance Procedures **(Doc. 6)** is hereby GRANTED for reasons described in this Memorandum Opinion and Order.  A Judgment will follow.

_____
UNITED STATES DISTRICT JUDGE